IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ZARKA GARROTT, BOP #03517-025                                            PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:04CV297DCB-JCS

CONSTANCE REESE, Warden FCC-Yazoo City                                    RESPONDENT

REPORT AND RECOMMENDATION

  This matter is before the court, sua sponte, for consideration of dismissal based upon lack of jurisdiction. Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241. Having reviewed the petition and record in this case, the undersigned recommends that it be dismissed.

  Petitioner was convicted by a jury in the United States District Court for the Southern District of Illinois. On May 13, 1996, petitioner was sentenced to a 300-month term of imprisonment in the custody of the Bureau of Prisons. Garrott appealed the conviction to the Seventh Circuit Court of Appeals, which affirmed in 1998. Thereafter, Garrott filed a motion for relief pursuant to § 2255, which was denied by the sentencing court on February 11, 1999. Although the record is not clear as to the precise date, some time later, petitioner apparently filed a § 2241 in the sentencing court and on February 12, 2004, the district court judge denied relief. Later on August 19, 2004, in finding Garrott's appeal of the decision denying relief was not taken in good faith, the district court commented, "Defendant appeals from the dismissal of what is clearly a 'second or successive' §2255-over which this Court has no jurisdiction." The Seventh Circuit likewise dismissed Garrott's appeal on October 29, 2004, finding that because Garrott

failed to filed his notice of appeal within sixty days of its entry, it lacked jurisdiction.

On November 10, 2004, petitioner filed the instant action pursuant to 28 U.S.C. § 2241, asserting that the reasoning of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), should be applicable to the federal sentencing guidelines. Garrott, relying on the latest rulings from the sentencing court and the Seventh Circuit, additionally argues that his conviction is illegal because both the sentencing court "and 7th Circuit claim that they have no jurisdiction," to rule in his case. In a related argument, Garrott maintains that inasmuch as the sentencing court and the Seventh Circuit have "waived" their right to jurisdiction over him, his petition falls within § 2255's savings clause and thus, this court may properly consider his § 2241 petition. However, based on the following, the undersigned recommends that the petition be dismissed.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). Here, however, it is clear that in both of his grounds for relief, petitioner is actually challenging the validity of the sentence he received. As is well-established, "Section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. Immigration and Naturalization Service,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

As set forth above, Garrott does not dispute this, but instead argues that his petition should fall under § 2255's "savings clause."[1] See Reyes-Requena v. United States, 243 F. 3d 893, 894

---

[1] The savings clause provides, as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is autho-
rized to apply for relief by motion pursuant to this section, shall not be entertained

2

(2001) (setting forth, inter alia, elements petitioner must affirmatively demonstrate to show that § 2255 remedy is inadequate or ineffective[2]).  Specifically, he urges that under a retroactive application of the decision in Blakely, he is entitled to be resentenced without the enhancements found by the district court judge.   While petitioner correctly predicted that Blakely's reasoning would be extended to the federal sentencing guidelines, see United States v. Booker, 125 S. Ct. 738 (2005) (holding that a federal defendant's sixth amendment rights were violated when his sentence was enhanced based solely on facts not found by a jury or admitted by the defendant), the Fifth Circuit has recently determined that the Supreme Court's decision in Booker is not retroactively applicable to cases on collateral review.  Padilla v.  United States, 416 F.3d 424, 427 (5th Cir. 2005) ("Like *Apprendi, Booker*'s holding is not retroactively applicable to cases on collateral review.").

    Likewise, the undersigned rejects petitioner's argument that the relief pursuant to § 2255 is ineffective because both the sentencing court and Seventh Circuit have "waived" jurisdiction over him.  This argument is simply another way of saying that he should be allowed to proceed with his § 2241 in this court because a § 2255 action is now procedurally barred in the court of

---

    if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
    28 U.S.C. § 2255.

[2] More specifically, § 2255's savings clause applies to a claim of actual innocence:
    (i)that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.
Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

conviction.  However, a claim of procedural bar does not bring his petition within the "savings clause."  See Pack v. United States, 218 F.3d 448, 452 (5th Cir. 2000) ("a claim of procedural bar [does not] suffice to demonstrate that section 2255 relief is inadequate or ineffective."). Accordingly, as Garrott has not affirmatively shown that the § 2255 remedy is inadequate or ineffective, the undersigned recommends that his § 2241 petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation by November 4, 2005  shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the   21st   day of October, 2005.


s/ James C. Sumner_____
UNITED STATES MAGISTRATE JUDGE